UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAVIST CHESTER, | ) | Case No.: 5:22 CV 954 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN DOUGLAS FENDER, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Tavist Petition for a Writ of Habeas Corpus (ECF No. 1). For the reasons that follow, the court denies the Petition and declines to issue a certificate of appealability.

In 2020, a Stark County jury convicted Chester of murder and felonious assault. (ECF No. 14 at PageID 1828.) A judge sentenced him "to an indefinite prison term of 23 to 24 years to life." (*Id.*) After unsuccessfully appealing his convictions in state court, Chester turned to federal court for relief, seeking a writ of habeas corpus under 28 U.S.C. § 2254. He raises the following grounds for relief:

**GROUND ONE**: Petitioner, Chester's conviction/verdict is insufficient as a matter of law.

**GROUND TWO**: Petitioner, Chester's verdict is against the Manifest Weight of the evidence.

**GROUND THREE**: The Trial Court's sentencing was in error, depriving Petitioner, Chester of his Constitutional and Due Process rights.

> **GROUND FOUR**: Chester's appellate counsel was constitutionally ineffective for failing to assign as error, Trial Counsel's ineffectiveness as he failed to preserve on the record Chester's No Duty to Retreat Argument.
>
> **GROUND FIVE**: Chester's appellate counsel was constitutionally ineffective for failing to assign Chester's No Duty to retreat Argument Under Ohio Criminal Rule 52(B), Plain Error.

(ECF No. 1 at PageID 9–20.)

After briefing on Chester's Petition was complete, Magistrate Judge Carmen E. Henderson prepared a Report & Recommendation ("R&R"), recommending that the court deny the Petition in its entirety and decline to grant a certificate of appealability. (ECF No. 14.) As to ground one, Judge Henderson found that Ohio's Fifth District Court of Appeals—which affirmed Chester's convictions—did not unreasonably apply clearly established federal law concerning sufficiency of the evidence. (*Id.* at PageID 1835–44.) As to grounds two and three, Judge Henderson found that they sounded in state law, not federal law, and were thus unreviewable in a federal habeas proceeding. (*Id.* at PageID 1844–46.) And, as to grounds four and five, Judge Henderson found that Chester suffered no prejudice from his trial and appellate counsel's purported failure to raise a "no duty to retreat" argument because "Ohio's stand your ground law [was] not in effect at the time of [Chester's] offense nor at the time of Chester's trial." (*Id.* at PageID 1846–53.)

Magistrate Judge Henderson's Report and Recommendation was issued on May 16, 2024. Petitioner has filed no objection to Judge Henderson's R&R.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). The court also

certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. *See*, Fed. R. App. P. 22(b); 28 U.S.C. § 2253©.

The court further notes that as a result of failing to object, Petitioner may have waived or forfeited his right to appeal from the judgment entered herein. *Berkshire v. Beauvois*, 928 F.3d 520, 530-31 (6th Cir. 2019).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 23, 2024